WALLACE, JUDGE:
The claimant, Curtis L. Ervin, filed his claim for $1,600.00 against the respondent for damages to his automobile caused by falling rocks. He testified that he was driving on U.S. Route 52 from Welch, West Virginia to North Fork, West Virginia in McDowell County in the month of May, 1975. The respondent’s witness, Herman L. Roberts, testified it was March 22, 1975. When questioned about the discrepancy in dates, the claimant stated that it was possible that March 22 could be correct. The weather was clear, the surface of the highway dry. It was about 1:30 a.m. He *169 stated he was traveling at about 40 mph and his headlights were on high beam. At a point near Vivian, West Virginia he reduced his speed when he saw rocks falling on the road. When he was about 15 feet to 20 feet from a big rock, he attempted to stop his vehicle to avoid being hit. The rocks struck his car on the left front or driver’s side damaging the front grill, radiator, fender and door. The automobile, a 1969 Mercury Marquis, had been purchased secondhand for $700.00 two months previously. The claimant introduced no evidence as to the amount of his damages but testified that the driver of the wrecker, that towed the car to the garage, had stated that it would cost more to fix it then it was worth. He further testified that he drove the road every day and knew that rocks fell in the area. He stated there were signs along the highway warning of falling rocks but not at the place of the accident. He also stated a sign was erected later at the scene.
Herman L. Roberts, employed by the respondent as the county maintenance supervisor for McDowell County, testified that the rocks that caused the accident fell at a point between Vivian, West Virginia and Landgraff, West Virginia. He further testified there was no work of any type being conducted by the respondent at the accident point which would have loosened or caused rocks and other material to fall on the highway. He stated that there were signs along the highway warning of falling rocks and that no additional signs were erected after the accident.
The law of West Virginia is well established that the State is not an insurer of its highways and the user travels at his own risk. There is no evidence in the record of this case to show that the negligence of the respondent caused the accident without which there can be no liability. Therefore, it is the judgment of the Court to disallow the claim.
Claim disallowed.